**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DIONNE CARSON**                                                                                          **PLAINTIFF**
*On Behalf of M.M.*

**v.**                                                                **CIVIL ACTION NO. 3:16-cv-783-CWR-MTP**

**COMMISSIONER OF SOCIAL SECURITY**                                              **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment [11]. In her Motion [11], Defendant argues that Plaintiff's complaint is time-barred under the statute of limitations found at 42 U.S.C. § 405(g). Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Motion for Summary Judgment [11] be granted and this action be dismissed with prejudice.

### BACKGROUND

On February 28, 2013, Plaintiff filed an application for supplemental security income on behalf of M.M., a minor with an alleged disability. ([11-1] at 9). On March 19, 2015, an Administrative Law Judge issued a decision finding that M.M. was not disabled. ([11-1] at 9-22). Plaintiff appealed the ALJ's decision to the Appeals Council, and on June 29, 2016, it denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. ([11-1] at 26-29).

On June 29, 2016, the Appeals Council mailed a notice of its decision to Plaintiff at 202 Overlook Drive, Vicksburg, Mississippi. ([11-1] at 4, 26). The notice of denial advised Plaintiff of the following:

You have 60 days to file a civil action (ask for court review).

> The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.
>
> If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

([11-1] at 28).

Plaintiff filed the instant civil action on October 6, 2016. Thereafter, Defendant filed her Motion for Summary Judgment [11], arguing that Plaintiff's complaint must be dismissed for Plaintiff's failure to file within the sixty-day statute of limitations. Plaintiff filed a Response [14] to the Motion for Summary Judgment, and this matter is now ripe for review.

## STANDARD

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).  When deciding whether a genuine fact issue exists, "the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138.  However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted).  Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

## ANALYSIS

A disability claimant must seek judicial review in federal court within sixty days from the date the Appeals Council's decision denying a request for review is mailed. 42 U.S.C. § 405(g). Mailing is defined as the date that the individual receives the Appeal Council's notice of denial. 20 C.F.R. § 404.981.  According to the regulations, a claimant is presumed to have received the notice of denial five days after the date of the decision. 20 C.F.R. § 422.210(c).  Thus, the deadline for filing an action is sixty-five days from the date of the Appeals Council's decision. *See Fletcher v. Apfel*, 210 F.3d 510, 512-13 (5th Cir. 2000).  The Appeals Council, however, may extend the time to file a civil action if a claimant shows good cause. 20 C.F.R. § 422.210(c).

The regulations function "to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986).

Even if a claimant does not timely file her complaint in federal court or obtain an extension of time from the Appeals Council, she still may invoke the doctrine of equitable tolling in appropriate situations. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991). A court may deem a filing timely if a plaintiff has demonstrated that "he has been pursuing his rights diligently" and an "extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408 (2005). "In rare cases, courts may toll [the 60-day limitations period] when 'the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate.'" *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (quoting *Bowen*, 476 U.S. at 480).

Plaintiff did not file her complaint within the sixty-day statute of limitations established in Section 405(g). The Appeals Council's decision was handed down on June 29, 2016. Allowing five days for presumptive receipt of the notice of denial, Plaintiff was required to file her complaint on or before September 2, 2016. Plaintiff's complaint was filed on October 6, 2016—thirty-four days after the deadline. Plaintiff did not ask the Appeals Council for any extension of time to file her complaint.[1]

Accordingly, at issue is whether Plaintiff is entitled to equitable tolling. Plaintiff argues that her "physical address" is not the same as her "mailing address" and, as a result, she did not receive the notice of denial until "the middle towards the end of August . . . ." *See* Complaint [1];

---

[1] Defendant submitted the unrefuted declaration of Social Security Administration employee Roxie Rasey Nicoll that there is no record that Plaintiff made a request for an extension of time to file her federal court complaint. ([11-1] at 4).

4

Response [14].[2]  The undersigned notes that Plaintiff's address of record during the proceedings before the Social Security Administration was 202 Overlook Drive, Vicksburg, Mississippi. Plaintiff does not argue that she instructed the Social Security Administration to send its correspondence to a different "mailing address."  The undersigned also notes that Plaintiff's address of record in this action—where Plaintiff receives all correspondence from this Court—is also 202 Overlook Drive, Vicksburg, Mississippi.  Plaintiff has not provided the Court with her other "mailing address."[3]

Moreover, even if Plaintiff did not read the notice of denial until August, 2016, she failed to request an extension of time and did not file her complaint in this Court until October 6, 2016. The notice of denial informed Plaintiff that she had a limited amount of time to file a civil action in federal court.  Plaintiff bears the responsibility to review documents sent to her from the Appeals Council and to comply with their requirements.  Plaintiff did not pursue her rights diligently.

This is not the "rare" case worthy of equitable tolling, in which the equities in favor of tolling are so great that deference to the Social Security Administration is inappropriate. *See Barrs*, 906 F.2d at 122; *Malone v. Colvin*, 2015 WL 475953 (N.D. Miss. Feb. 5, 2015); *Harris v. Astrue*, 2011 WL 3740770 (Aug. 4, 2011); *Groom v. Colvin*, 2014 WL 4327907 (N.D. Tex. Aug. 29, 2014).  Likewise, Plaintiff has not demonstrated that an "extraordinary circumstance" prevented a timely filing.  As there is no genuine issue of material fact, Defendant is entitled to judgment as a matter of law.

---

[2] Plaintiff failed to argue before the Appeals Council that she did not receive the notice of denial within five days of the decision.

[3] In her Response [14] to Defendant's Motion for Summary Judgment, Plaintiff again lists 202 Overlook Drive, Vicksburg, Mississippi, as her address.

## RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Defendant's Motion for Summary Judgment [11] be GRANTED and this action be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 28th day of February, 2017.

>   s/Michael T. Parker
>   UNITED STATES MAGISTRATE JUDGE